**FILED**
**U.S. District Court**
**District of Kansas**
09/28/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DUSTIN J. MERRYFIELD,**

**Plaintiff,**

**v.** **CASE NO. 26-3174-JWL**

**JERRY MONTAGNE, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is a civilly committed detainee under the Kansas Sexually Violent Predators Act ("SVPA"), K.S.A. §§ 59-29a01 to 29a022. At the time of filing, he resided in the inpatient housing at the Larned State Hospital in Larned, Kansas ("LSH") in the Kansas Sexual Predator Treatment Program ("SPTP"). The Court granted Plaintiff leave to proceed in forma pauperis. On July 22, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 6, "MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for failure to state a claim. This matter is before the Court on Plaintiff's Amended Complaint (Doc. 8), response to the MOSC (Doc. 7), and memorandum of law (Doc. 9) filed in response to the MOSC.

Plaintiff alleged in the original Complaint that he spent four (4) days at the McPherson County Jail ("MCJ"), from May 29 – June 1, 2026. Plaintiff was sent there from LSH to appear in court for the annual review of his status as a sexually violent predator ("SVP"). He describes the nature of his case by stating, "While in the County Jail Mr. Merryfield was mistreated and denied any and all rights with no purpose other than to humiliate and punish him. There was no legitimate reason for the abuse he suffered." (Doc. 1, at 2.)

The Court found in the MOSC that given the legitimate purpose of his transfer to the MCJ and the brief duration of his confinement there, Plaintiff's allegations were not sufficient to establish a plausible claim for relief for violation of his constitutional rights. The Court found that the mere fact that Plaintiff was housed in a jail as a civilly committed SVP does not violate the Constitution, citing *Kelner v. Harvin*, No. 10-3127-SAC, 2011 WL 1559457, at *1–2 (D. Kan. Apr. 25, 2011), in support. In *Kelner*, the plaintiff spent 190 days in the Ellis County Jail for trial under the Kansas SVPA. He complained that he was housed in general population under the same conditions as criminal inmates, was not able to seek release on bond, and was not afforded the same treatment as already-committed SVPs. Kelner argued that the "law is clearly established that the constitutional rights of a person who is civilly committed, or is being tried for civil commitment, are violated if they are placed in any jail or penal facility."

This Court rejected Kelner's argument, finding the detention of a pretrial detainee in a county jail to await civil commitment proceedings pursuant to the SVPA and the denial of bail to that detainee, standing alone, did not demonstrate a violation of due process or other federal constitutional rights. *Id. (citing Atwood v. Vilsack,* 338 F. Supp. 2d 985, 997–98 (S. D. Iowa 2004), based upon an SVP Act that is essentially the same as the one in Kansas*; see also Merryfield v. Kansas,* 2009 WL 3125470 (D. Kan. Sept. 25, 2009) (unpublished, cited for reasoning).

In his response and memorandum of law, Plaintiff argues that the use of a jail to house an adjudicated SVP, for even a short period of time, violates his constitutional rights. He first argues that *Kelner* is distinguishable from his situation because the plaintiff there was being held in county jail pending his adjudication as an SVP whereas Plaintiff was already civilly committed when he was held at the MCJ. (Doc. 7, at 2.) He asserts that the statute at issue in *Kelner*, K.S.A. 59-29a05(d) does not apply to him, and that under K.S.A. 59-29a07(a), he may only be held in a

KDADS facility. *Id*. Plaintiff argues that 59-29a07(a) establishes a constitutional liberty interest that was violated.

However, "a violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted). "To the extent plaintiff seeks relief for alleged violations of the KSVPA or other Kansas statutes and regulations, he states no cognizable claim under § 1983." *Merryfield v. Jordan*, No. 07-3289-SAC, Memorandum and Order, Doc. 8, at 24 (Feb. 26, 2008) (citing *Gaines v. Stenseng*, 292 F.3d 1222, 1225 (10th Cir. 2002)).

Plaintiff's argument that his constitutional rights exceed those of a person who, unlike Plaintiff, has not yet gone through the legal process, been found to be a sexually violent predator, and been committed to state custody does not make sense. Since *Kelner* found that pretrial detention of alleged SVPs in county jails, even for six months, does not violate the Constitution, it does not follow that Plaintiff's constitutional rights were violated by a four-day stay at the MCJ.

Plaintiff also relies on *Bilal v. Geo Care*, 981 F.3d 903 (11th Cir. 2020), to support his argument that *any* time spent in a county jail is a violation of his constitutional rights as an SVP. (Doc. 7, at 3.) Bilal was housed in a county jail for one month in connection with a one-day hearing. His allegations were similar to Plaintiff's: "Bilal alleged that when he was housed in the Santa Rosa County Jail, he was subjected to punishing conditions. He asserted that, among other things, he 'was placed into the jail's confinement unit' and 'did not have access to[ ] TV, phone calls, law library, visitation, fresh air exercise, canteen privileges, or access to religious and/or group.' He also contended that he did not receive any mental-health treatment, and the jail guards were abusive and engaged in 'show of force tactics that caused ... Bilal to become suicidal and spend more than two weeks in a suicide cell at the jail.'" *Bilal*, 981 F. 3d at 917.

The Eleventh Circuit found that under circuit precedent (*Lynch v. Baxley,* 744 F.2d 1452, 1458–59 (11th Cir. 1984)), "the State bore the burden of achieving public security in housing Bilal by the least restrictive means—meaning it could not house Bilal at the jail unless no mental-health facility was both secure and within a reasonable distance of the Escambia County courthouse. Because Bilal was housed in a jail instead, he has sufficiently stated a Fourteenth Amendment claim for purposes of surviving a motion to dismiss." *Id.* at 917.

*Lynch* involved the "emergency detention of those who threaten immediate and serious violence to themselves or others" in the Alabama county jails. The *Lynch* court was concerned with "ensuring the least restrictive means of holding people pending commitment proceedings" that were not sexually violent predator proceedings. The Alabama law pursuant to which the involuntary commitment proceedings and emergency detentions in *Lynch* had been ordered was not the same law as the KSVPA. As this Court found in *Kelner*, "*Lynch* neither requires nor convinces this court to hold that the detention in a county jail of a person in Kansas awaiting trial as an SVP is a per se violation of the U.S. Constitution." *Kelner*, 2011 WL 1559457, at *1-2. And neither *Lynch* nor *Bilal* convince this Court to extend greater constitutional rights to a person in Kansas who is already adjudicated an SVP. "An SVP [in Kansas] has no absolute federal constitutional right to be housed in a facility with 'the least restrictive' features or with less security features than a prison." *Merryfield v. Jordan*, No. 07-3289-SAC (Doc. 8, at 27).

"Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg v. Romeo,* 457 U.S. 307, 321–22 (1982). "But because of their dangerousness and the need to protect society, sexually violent predators are different in terms of treatment and

risk and may be subjected to different confinement conditions than other civilly committed individuals." *Chubb v. Sullivan*, 330 P.3d 423, 428–29 (Kan. App. 2014) (citing *see Merryfield v. State,* 241 P.3d 573 (2010)). Courts have "generally equated the conditions of their confinement with that of pretrial detention, rather than the less structured confinement of regular mental patients." *Id*. The Supreme Court has found that those who are civilly committed retain "constitutionally protected interest in conditions of reasonable care and safety, reasonably nonrestrictive confinement conditions, and such training as may be required by these interests" and, like pretrial detainees, may not be subjected to conditions that amount to "punishment" without due process. *Youngberg,* 457 U.S. at 320–21, 324. In order to establish a constitutional violation, Plaintiff must show that a condition was applied to punish him and that it was not reasonably related to a legitimate governmental objective. *Bell,* 441 U.S. at 536; s*ee also Merryfield v. Jordan,* 584 F.3d 923, 925–26 (10th Cir. 2009) (affirming district court's decision to dismiss SVP's complaint because "none of the privations of which he complained involved a fundamental right, and he alleged no facts indicating that any restrictions are not rationally related to a legitimate governmental objective or are irrational or arbitrary").

The Court found in the MOSC that Plaintiff's allegations did not demonstrate the violation of his constitutional rights. Accepting Plaintiff's version of the facts, the deprivations in this case simply were not severe enough to rise to the level of constitutional violations in just four days. Not every hardship suffered as an SVP amounts to "punishment" in the constitutional sense. *See Bell*, 441 U.S. 537. "An inquiry into conditions of confinement by necessity relies on the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered. *DeSpain v. Uphoff,* 264 F.3d 965, 973–74 (10th Cir. 2001) (quoting *Johnson v. Lewis,* 217 F.3d 726, 731 (9th Cir. 2000)). While no single factor controls the outcome

of these cases, the length of exposure to the conditions is often of prime importance. *Id*. Moreover, the purpose of Plaintiff's transfer to the MCJ from Larned was to permit his participation in the judicial process, not to punish him. *See McKune v. Lile,* 536 U.S. 24 (2002) (transfer of prisoner from medium security facility to less-desirable maximum security unit, when not intended to punish prisoner, "is too ephemeral and insubstantial" to trigger Due Process protections) (quoting *Meachum v. Fano,* 427 U.S. 215, 228 (1976)).

Plaintiff's Amended Complaint is not materially different from his Complaint. Therefore, under the screening standards set forth in the MOSC, the Court reaches the same conclusion here: the amended complaint also fails to state a claim under § 1983. Given the legitimate purpose for Plaintiff's transfer to the MCJ and the brief duration of his confinement there, his allegations are not sufficient to establish a plausible claim for relief.

For the reasons explained above and in the MOSC, the AC is subject to dismissal because it fails to state a claim for the violation of Plaintiff's constitutional rights.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated September 28, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**